118 N.J. Super. 381 (1972)
288 A.2d 34
GUSTAVO CARDONA, PLAINTIFF-APPELLANT,
v.
EDEN REALTY COMPANY, INC., A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 8, 1972.
Decided February 23, 1972.
*382 Before Judges LEWIS, HALPERN and LORA.
Mr. Allen Zavodnick, attorney for appellant (Mr. Leonard A. Wolkstein, on the brief).
Mr. Sydney I. Turtz, attorney for respondent.
PER CURIAM.
Plaintiff Gustavo Cardona, a tenant in a tenement house owned by defendant Eden Realty Company, Inc., was injured as a result of a fall allegedly caused by a loose metal nosing on a stair of the common stairway located in said building. His suit for damages asserts negligent maintenance of the stairway and maintenance of a nuisance. The court granted defendant's motion for summary judgment upon the basis that the lease signed by the parties exculpated defendant from responsibility.
The rental agreement, which was typed in both English and Spanish, provided for a month-to-month tenancy at the rate of $52 a month. It required the tenant to furnish his own painting, stove, heat, heating equipment, hot water, refrigerator, shades, screens, storm windows, toilet seat, door locks, and all fixtures needed in the occupation of the premises.
The lease contained an exculpatory clause which recited that in consideration of the reduced rental provided for, the tenant covenanted not to sue the landlord and the landlord would not be liable to the tenant for any damage, loss or injury to property or person by reason of any existing or future defect in the premises, including acts, omissions, negligence or nuisance of other persons or tenants or of the landlord or his agent, and including that arising from falling plaster, leaking roofs  or faulty or inadequately lighted or repaired sidewalks, stairs, halls, alleys, yards or cellars.
*383 In addition to this purported exculpation of defendant from its acts of negligence, the lease also contained a novel provision in which the landlord recited that it had no public liability insurance and if the tenant desired to eliminate the exculpatory clause, written notice thereof should be given the landlord, in which event the rent would be increased $2 a month. The agreement went on to say that following termination of the exculpatory clause by the tenant, the landlord's liability "shall be that provided by the general laws of the State. The landlord shall not become an insurer by virtue of such termination."
The lower court concluded that this so-called option provision, coupled with the consideration received by the tenant for the exculpatory clause in the form of a reduced rental, removed defendant from the line of cases, and more particularly Kuzmiak v. Brookchester, 22 N.J. Super. 575 (App. Div. 1955), holding that it is against public policy for a landlord to exculpate himself from his own acts of negligence when dealing with residential properties since the parties are in an unequal bargaining position. It found that this distinguishing feature vitiated the unequal bargaining position philosophy of Kuzmiak.
We are uninformed as to the circumstances under which the lease was signed, except that the record indicates the tenant was not represented by counsel and that the landlord's manager was an attorney. However, the lease in its entirety reveals that the landlord was in an eminently superior bargaining position. The lease included provisions which clearly support this conclusion: no interest was to be paid on security deposits; the tenant (as well as the landlord) waived trial by jury in any action brought by either against the other on any matters arising out of or in any way connected with the tenant's use or occupancy of the premises or the common stairways, halls, sidewalks, etc.; the tenant waived any exemptions the law gave him on a distress for nonpayment of rent, and the lease attempted to release defendant from the *384 responsibility of maintaining the building in good repair, contrary to N.J.S.A. 55:13A-1 et seq.
While it is conceivable that even in some noncommercial transactions a landlord and tenant might properly negotiate a lease to rent property "as is" and in consideration of a reduced rental the tenant assume all liability for repairs and insurance coverage, it is clear that in this multiple-tenant tenement house lease, the provisions thereof were oppressively for the benefit of the landlord and against public policy.
The tenant's option as to the landlord's liability did not convert their obviously unequal bargaining positions into equal positions, and the exculpatory agreement, despite the method made available to remove it, is against public policy and should not be enforced. See Mayfair Fabrics v. Henley, 48 N.J. 483 (1967). The lease represents a legalistic effort to circumvent the positive public policy of this State, and the clauses in issue must be held to be invalid.
The summary judgment in favor of defendant dismissing the complaint is reversed and the matter remanded for trial on the merits.